**UNITED STATES of America, ex rel, Plaintiff,**

Patrick McDONOUGH, Plaintiff–
Appellant,

v.

MEMPHIS RADIOLOGICAL PROFES-
SIONAL CORPORATION; Medical
Accounts Receivable Management,
dba Med–Arm, Inc., Defendants–Ap-
pellees,

Semmes–Murphy Clinic, Defendant.

No. 09–5933.

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2011.

BEFORE: BATCHELDER Chief
Judge; CLAY and SUTTON, Circuit
Judges.

ALICE M. BATCHELDER, Chief
Judge.

This case arises from Memphis Radio-
logical Professional Corporation's
("MRPC") termination of its CEO, Patrick
McDonough, under the "without cause"
provision of his contract after only 6
months on the job. In accordance with the
contract, MRPC paid him the remainder of
his salary for the year. McDonough
claims that he was fired for refusing to
keep quiet about unlawful billing practices
at MRPC, but MRPC says that it decided
to terminate him because a valued employ-
ee, Jannett Horne, claimed that she had
been verbally abused by McDonough.
MRPC says that it found Horne to be
credible, and that it was afraid of losing
two valuable key employees, Horne and
George Dendrinos, if it did not discharge
McDonough.

McDonough brought this action, raising
one federal claim—now abandoned—as
well as claims under Tennessee common
law for retaliatory discharge and the Ten-
nessee Public Protection Act ("TPPA").
The district court granted summary judg-
ment to MRPC on both of those claims.
The court held that McDonough's common
law claim failed because a required ele-
ment of the claim is that the plaintiff be an
at-will employee, and it was undisputed
that McDonough was a contract employee.
The court held that McDonough's TPPA
claim failed for two reasons: first, McDon-
ough could not show that he refused to
remain silent about alleged illegal activi-
ties, because it was the MRPC board of
directors who first informed him of and
hired him to tackle the suspect activities;
and second, even if he could show that he
refused to remain silent, he could not es-
tablish an *exclusive* causal connection be-
tween his supposed refusal to remain silent
and his termination, as is required under
the TPPA.

McDonough appealed. He also moved
to certify to the Tennessee Supreme Court
the question of whether the common law
claim requires an at-will employment rela-
tionship.

After carefully reviewing the district
court's opinion, the briefs, and the record
in this case, we conclude that the district
court did not err in granting summary
judgment to MRPC. As the district court
correctly set out the applicable law and
correctly applied that law to the undisput-
ed material facts contained in the record,
issuance of a full written opinion by this
court would serve no useful purpose. Fur-
ther, we find no need to certify any ques-
tion to the Tennessee Supreme Court. As
the district court explained, the Tennessee
common law claim of retaliatory discharge
clearly requires an at-will employment re-
lationship. We also note that since the

district court issued its opinion, the Tennessee Supreme Court has twice explicitly stated that at-will employment is a required element of the common law claim. *See Kinsler v. Berkline, LLC,* 320 S.W.3d 796, 800 (Tenn.2010); *Gossett v. Tractor Supply Co., Inc.,* 320 S.W.3d 777, 781 (Tenn.2010).

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court. We **DENY** McDonough's motion to certify to the Tennessee Supreme Court the question regarding the common law claim.